IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 13 PM 4:51
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

WILLIE THOMPSON,
          Movant,

-vs-

UNITED STATES OF AMERICA,
          Respondent.

Case No. A-14-CA-208-SS
[No. A-13-CR-131-SS]

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Willie Thompson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#32], and the Government's Response [#37]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the § 2255 motion.

### Background

On March 19, 2013, Thompson was charged in a one-count indictment with possession with intent to distribute more than twenty-eight grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On May 17, 2013, a one-count superseding information was filed, charging Thompson with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Thompson pleaded guilty to the superseding information without a plea agreement. On August 15, 2013, this Court sentenced Thompson to a 100-month term of imprisonment, followed by a three-year term of supervised release, and ordered Thompson pay a $100 mandatory assessment fee. Thompson did not appeal.

Thompson filed his § 2255 motion on March 10, 2014. Thompson's motion raises the following grounds for relief: (1) his sentence is illegal because it was enhanced by the presence of a firearm not charged in the indictment or superseding information; and (2) he received ineffective assistance of counsel because his attorney did not object to the consideration of the uncharged firearm at sentencing.

## Analysis

### I.     Section 2255—Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II. Application

Thompson contends his sentence was unlawfully enhanced by the Court's consideration of a firearm not charged in the indictment or superseding information. "The Sentencing Guidelines require that a defendant's criminal offense level be increased by two levels if he possessed a dangerous weapon (including a firearm) during the commission of a drug offense." *United States v. Hernandez*, 116 F.3d 725, 727 (5th Cir. 1997) (citing U.S.S.G. § 2D1.1(b)(1)). "The application notes to 2D1.1(b)(1) direct that the enhancement 'should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense,' to reflect 'the increased danger of violence when drug traffickers possess weapons.'" *United States v. Akins*, 746 F.3d 590, 610 (5th Cir. 2014) (quoting U.S.S.G. § 2D1.1(b)(1), application note 11(A)). In finding such facts, the sentencing court is entitled to adopt facts from the Presentence Investigation Report (PSR) "without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (internal quotation marks omitted). "A presentencing report generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations required by the sentencing guidelines." *United States v. Fitzgerald*, 89 F.3d 218, 223 (5th Cir. 1996).

In this case, the PSR indicated a Glock 22 .40 caliber handgun was found in a bedroom closet at Thompson's apartment, where cocaine was also present. PSR ¶ 8. The PSR further noted Thompson admitted the gun and the cocaine were his. *Id.* ¶ 9. Thompson did not object to the PSR at sentencing and does not raise any factual challenge to the appropriateness of the firearm

enhancement in his motion. The Court's application of the firearm enhancement was therefore appropriate.

It appears Thompson's argument is based on his conception the presence of the gun needed to be included in his charging instrument. It did not. Thompson's possession of a firearm was not an element of his drug offense, but rather was a separate enhancement to his Guideline range. As the Fifth Circuit has explained, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). To the extent Thompson contends the Court ran afoul of the rule announced in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), his argument fails for two reasons. First, *Alleyne* was decided after Thompson was sentenced and does not apply retroactively to cases on collateral review. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (explaining "[o]nly the Supreme Court can render a new rule retroactively applicable to cases on collateral review" and noting the Court did not do so in *Alleyne*). Second, *Alleyne* held any fact which increases the mandatory minimum sentence for an offense is an element of the crime. 133 S. Ct. at 2155. Thompson was not exposed to a mandatory minimum sentence in this case. Accordingly, even if *Alleyne* applied, it would not affect Thompson's sentence.

Thompson also contends his counsel was ineffective because he failed to object to the firearm enhancement. The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the

-4-

> defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the firearm enhancement was appropriate and fully justified by the undisputed facts contained in the PSR, Thompson's counsel had no basis for objecting to the enhancement. Counsel's performance was neither deficient nor prejudicial. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

## Conclusion

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Thompson's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

IT IS ORDERED that Movant Willie Thompson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#32] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 13th day of June 2014.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE